**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**NOKOMIS CARTER**                                                          **PLAINTIFF**

**vs.**                                    **NO. 4:21-CV-1092 LPR**

**BAPTIST MEDCARE, INC. d/b/a**
**PRACTICE PLUS; BAPTIST HEALTH;**
**TERI BERG; and JOHN DOES #1 - #2**                           **DEFENDANTS**

## AGREED PROTECTIVE ORDER

The Parties to this action, the Plaintiff, Nokomis Carter, and Defendants, Baptist Medcare, Inc. d/b/a Practice Plus; Baptist Health; and Teri Berg, by their respective counsel, enter into this Agreed Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure in connection with discovery requests in this action. Baptist Medcare, Inc. d/b/a Practice Plus and Baptist Health are referred to collectively herein as "Baptist Health." Therefore, it is ORDERED as follows:

1. This Agreed Protective Order is entered into pursuant to the Federal Rules of Civil Procedure.

2. This Agreed Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    a. Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; and compensation of Baptist Health's current or former personnel;

    b. Any documents from the personnel, medical, or workers' compensation file of any current or former employee;

    c. Any documents containing personally identifiable information of any current or former Baptist Health employee or patient;

    d. Any documents relating to the medical and/or health information of any of Baptist Health's current or former employees;

   e. Any documents relating to the medical and/or health or personal information of Plaintiff or any of Plaintiff's witnesses or family members;

   f. Any documents, recordings, or other disclosures containing personal health information or personally identifiable information of any patient of Baptist Health;

   g. Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the "<u>CONFIDENTIAL</u>" legend on the face of the document and each page so designated or otherwise expressly identifying each page of the document as Confidential. The parties will use their best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person (excepting the Court and its staff) who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

   a. In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

   b. Deposition court reporters and staff;

   c. Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

   d. Deponents during the course of their depositions or potential witnesses of this case; and

   e. The parties to this litigation. "Parties," as pertaining to the Plaintiff, means only the named Plaintiff to this lawsuit, Nokomis Carter.

6. Each counsel shall be responsible for providing notice of the Agreed Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of this Agreed Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such persons may be shown materials containing Confidential Information during any deposition but shall not be permitted to keep copies of said materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party shall inform the other in writing that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, the Court, or the parties in this action. Any person making copies of such information shall maintain all copies within his/her possession or the possession of those entitled to access to such information under the Agreed Protective Order.

8. All Confidential Information produced in this action shall be used only for purposes of this litigation and not for any other purpose.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

10. Three years after the termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated upon request of the providing party to either return it or provide notification that it has been destroyed. This does not apply to the Court.

11. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, recording, material, transcript, or other information.

12. Nothing in the Agreed Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

13. Nothing in this Order requires the Court to close the courtroom during trial or redact the trial transcript, even if confidential materials are used or referred to at trial. If a party wants that relief, it must ask for it at an appropriate time before or during trial.

IT IS SO ORDERED, this 8th day of December, 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

APPROVED BY:
**Sutter & Gillham, P.L.L.C.**
310 W. Conway Street
Benton, AR  72015
luciengillham@gmail.com

By_____
   Lucien Gillham
*Attorneys for Plaintiff*

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 W. Capitol Ave., Suite 1800
Little Rock, AR  72201
bfreeland@mwlaw.com


_____
    Byron Freeland
*Attorneys for Defendants*